[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The parties met in June of 1994 and were married three months later on September 23, 1994, a total of four and one-half years. It was the second marriage for both parties. By complaint dated June 26, 1998, the Husband instituted this action claiming a divorce, a fair division of assets, and other relief. The Wife, who appeared through counsel, did not file an answer or cross-complaint but was heard on all issues.
No children were born to the Wife since the date of marriage, however she did have one child from her former marriage who lived with the parties for a period of time. The child was the subject of considerable litigation between the Wife and her former husband.
The Husband is 52 years of age, in good health, and is a high school graduate. He has suffered from neck and back problems. The Wife is 37 years of age, in apparent good health, and is also a high school graduate. She attended college for 3 months and has a real estate license.
During the trial, the Husband testified that he brought into the marriage a Prudential Securities stock brokerage account containing $184,245.76 (Plaintiff's Exhibit D) and a Cargill 401k plan account with a balance of approximately $68,000 (no documentation of that account at the time of the marriage was produced). As of January 31, 1999, the balance in the Prudential account was $9,652.38 (Plaintiff's Exhibit E) and, as of December 31, 1998, the balance in the 401k account was $101,104.60 (Plaintiff's Exhibit L). The money brought into the marriage by the Husband was used to purchase and repair the existing marital residence, for ordinary living expenses, to assist the Wife with her catering business, and for expenses connected with legal disputes with her former husband.
The Wife testified that she brought into the marriage an $18,000 Paine Webber account, two checking accounts totaling approximately $2,500, and $44,000 from Bankers Trust, a total of 64,500. She produced some documentation (Defendant's Exhibit 8) indicating she was distributed money totaling $110,000 from a CT Page 2954 trust established by her grandmother. The money brought into the marriage by the Wife was apparently dissipated during the marriage on ordinary living expenses, legal expenses involving her former husband, outstanding bills, and expenses connected with her catering business.
At the time of the marriage, the Husband was employed as a commodities trader. Due to a physical disability he was out of work for about seven months. He then returned to the mercantile exchange to trade his own money on the exchange, a venture in which he was unsuccessful. During this period of time the parties lived off of savings, the Wife's earnings and what little money the Husband was able to earn. For the past year or so he has been employed on a commission basis as an executive recruiter. His income capacity is approximately $52,000 per year.
The Wife has been principally employed in her own catering business. She has also worked as an office manager, a baby sitter and at times cleaned houses. She has an income capacity of approximately $26,000 per year.
Three large joint debts were accumulated during the marriage, First Union in the amount of $12,607, First Union in the amount of $11,993, and Chase Visa in the amount of $4,300 (Husband's financial affidavit). The Husband also has a debt due his employer for draw against commissions not yet earned and the Wife has miscellaneous credit card debt totaling $2370 (Wife's financial affidavit).
It would serve no useful purpose to chronicle the causes for the breakdown of the marriage which is irretrievable. The Husband lost interest in the marriage due to the financial strain on the couple as well as the Wife's constant problems with her controlling ex-husband. It is not possible to assess primary responsibility for the breakdown although it is clear the Husband was more interested in terminating the relationship than the Wife.
The court finds that residence requirements have been satisfied and neither party has been the recipient of public assistance. All pertinent criteria outlined in Chapter 815j of the General Statutes were considered by the court in the entry of the following orders.
 ORDERS
CT Page 2955
DISSOLUTION OF MARRIAGE
The marriage is dissolved on the grounds of an irretrievable breakdown.
REAL ESTATE
The residence of the parties located at 37 Sport Hill Road, Easton, Connecticut, shall be immediately listed for sale and sold to the buyer with the first reasonable offer. Until sale, the Husband shall have the sole obligation for its maintenance. He shall also have the sole obligation for listing, showing, and negotiating its sale without assistance from the Wife.
Upon sale, the net proceeds, defined as the balance after payment of real estate commission, closing costs, liabilities, and the amount due on the first mortgage, shall be divided as follows: $10,000 to the Wife and the remainder to the Husband.
The Wife shall vacate the residence within 60 days from date.
PERSONAL PROPERTY
The Wife shall transfer to the Husband title to the 1989 Subaru and she shall retain the 1997 Ford.
All furniture and personal possessions now located in the marital residence shall be equitably divided. Items brought into the marriage shall remain the property of the party who owned the item. In the event of a dispute over the division, the issue shall be submitted to the Court Services Division for mediation within 30 days from date and subsequently to the court for final determination if mediation is unsuccessful. Any items not removed by the Wife within 60 days from date shall be considered abandoned.
RETIREMENT ASSETS
The Husband shall transfer to the Wife, from his Cargill 401k plan, pursuant to a Qualified Domestic Relations Order prepared by his counsel, the sum of $10,000. Said transfer is to be without tax consequences to either party. In the event the Wife must establish an IRA to receive said funds, she shall do so without delay. CT Page 2956
LIABILITIES
The balance due on the two First Union obligations and the Chase Visa credit card shall be paid by the Husband out of the proceeds of sale from the marital residence. All other liabilities shall remain the responsibility of the party incurring same.
COUNSEL FEES
The Husband shall pay to the Wife the sum of $1,000 towards her counsel fees within 60 days from date.
MISCELLANEOUS
Each party shall sign any necessary documents to effectuate the orders contained herein.
Plaintiff's counsel shall prepare the judgment file, have it certified by defendant's counsel, and file it with the court within 30 days.
CUTSUMPAS, J.